# UNITED STATES DISTRICT COURT

## OF EASTERN VIRGINIA

IBRAHIM S KHAER ,ET AL

V

OLIVE BRANCH KABAB, LLC ET AL



RECEIVED
MAILROOM

DEC - 2 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

CASE NO:  1:16-CV-00652-JCC-MSN

The defendants oppose any delays what so ever . We did not initiate this case  but have asked for a dismissal of this case by this Court due to the clear fact that because it was not started before the statute of limitation expired for the plaintiffs to file such a case in the first place it is without any merit or chance to succeed . Here to date  the plaintiffs have filed no opposition to this fact on the filing date nor have their attorney. They have provided no papers of any kind or any declaration of any substantial facts that in fact they are timely in any way . We ask the Court to dismiss this case as it is becoming expensive . We do not want to counter sue these people but any further action by them will require us to do so to recover expenses payed out so far which are mounting in the Thousands of dollars as each day and ridiculous request of the Plaintiffs continues  . Please dismiss this claim as untimely

Mohamed Seid Mohamed
RCI
Po Box 630
Winton NC
27986

11-15-2016

# UNITED STATES DISTRICT COURT
## OF EASTERN VIRGINIA

IBRAHIM S KHAER

   Vs

AL KAWTHAR INTERNATIONAL, LLC , ET AL

CASE : 1:16-CV-00652-JCC-MSN

Your honor I am Mohamed Seid Mohamed and I am incarcerated now for a very minor tax related infraction and I speak for the Company AL KAWTHAR INTERNATIONAL, LLC , my wife and my brother also listed as defendants by the plaintiffs in this case . We asked for dismissal previously on our initial responses to this Court as the law requires as this case is not timely and beyond the statute of limitations therefor having no merit and any jurisdiction to proceed . We now find ourselves continuing to defend ourselves without a court order .

I attach a mail we received the other day from the plaintiffs attorney requested admissions and documents . This Court has issued no order to turn over or provide such a request and although we requested to this Court for any documents in the plaintiffs possession that would show they are timely, we have received nothing in return from them .

Although we all feel no obligation to answer their question I point out we have already <u>under oath and penalty of perjury</u> answered a great many of them while they have answered nothing . We also say " WITHOUT PREDJDICE "      under request for

Admissions on page 4 of 12 to 5 of 12  the following responses  :

1/ no

2/ no

3/ yes - but only ever on a part time basis as they had other jobs in other places unrelated to us .

4/ Ibrahim is not a " SHE " so we have no idea what your question is or means ? At any rate we are honest people who have always cared greatly for our employee's and have always paid everyone employed  in accordance with the law and always will .

5/ no

6/ no

7/ We are aware of all the applicable laws both State and Federal and I swear under oath and penalty of perjury that I , nor any Company under my control  , nor my Wife or Brother to the best of my knowledge , ever in the execution of our duties , have never ever violated labor laws of any kind , ever , whether State or Federal in any instance or for any reason .

8/ no – all had different PART TIME JOBS with different times and hours worked per week . None of them were the same .

9/ no

10/ no – refer to # 7

11/ no – refer to # 7

12/ no – refer to # 7

13/ no – refer to # 7

## In response to Interrogatories pages 6 of 12 to 8 0f 12

All Questions were already asked and answered in our original response to your suit but

you may refer back to the answer of # 7 on the Admissions page you previously asked to

answer these . As you have failed to show any papers showing your suit was timely filed

and within the statute of limitation to do so , we have no obligation to spend more

money or time or do any more in this case then we have already done  unless this Court

orders us to do so. This is a frivolous case by  nefarious plaintiffs and a nefarious

Lawyer  . In that case we will happily follow any order of this Court .


## In response to Production of Documents

We are happy to provide any documents you like that  the Company or any of us

have in our possession . Please have the plaintiffs forward $9,500.00 in cash or a money

order to  Mr. Mohamed , at the address you have on file , which is the estimate we have

received to supply you with the papers you would like . If the cost is less than that , we

will promptly refund the excess along with the documents you requested .

Conclusion and Relief sought

Your Honor , it is obvious that the plaintiffs and their Lawyer are trying to take

advantage of the fact that I am incarcerated now for several more months on this minor

Tax problem I unknowing fell into . I have always run an honest and lawful business and have always paid my employee's on time and in full for any work any person has ever done for me . The Company listed above was closed when I came to jail as I could not keep the lease up on the business . My Wife and my Brother have nothing to do with anything in this case and have been drawn in by the plaintiffs to pressure me to settle . I am not settling anything because I have done nothing unlawful or wrong . Legally or morally .

I have no wish to counter sue these people but the expenses to fight are growing day by day . They are beyond the statute of limitation as is evident by their own filing dates on the initial documents . This suit is frivolous at best and possible fraudulent at worst . Please dismiss this case with out them first provided any timely filing in the first place which we have asked for and they have not provided because they do not exist . In the alternative put any further action off until my release date and as requeted in my original response to the suit . That is June 17,2017

For AL KAWTHAR INTERNATIONAL, LLC . Ibrahim Saed Ahemd and Miriam Ibrahim Elsayed

Mohamed Seid Mohamed
38810-083
Rivers CI
Po Box 630
Winton NC
27986

11-15-2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| IBRAHIM S. KHAER et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:16-cv-00652-JCC-MSN |
| | ) | |
| AL KAWTHAR INTERNATIONAL LLC, | ) | |
| *et al* | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND DOCUMENT REQUESTS TO ALL DEFENDANTS

Plaintiffs IBRAHIM S. KHAER, FOUIZA MOHAMED HADGAG, HAMDI HASSAN

AHMED SIYAM and GEBREMESKEL YEMANE KIDST (hereinafter, "Plaintiffs"), by and

through undersigned counsel, on behalf of themselves and all others similarly situated, by counsel,

and pursuant to the Federal Rules of Civil Procedure, propound the following discovery requests

to the defendants, requesting timely responses.

## DEFINITIONS AND INSTRUCTIONS

A.     These Interrogatories, Requests for Production and Requests for Admissions are

continuing in character, so as to require you to file supplementary answers immediately, if you

obtain further information regarding the identity and location of persons having knowledge of

discoverable matters and information regarding expert witnesses or if you obtain different

information or the information given in response to these discovery requests is no longer true.

B.     Where the identification of a person is requested, indicate the full name, home and

business address, title or occupation, employer, and home and business telephone numbers

(include area code) of such person. Where the person identified is a corporation, firm or other

entity, such identification should also include the name of each individual connected with such corporation, firm or entity with whom contact is made, present or last known address of such person, the present or last known business address of such person, telephone number (include area code), and the title or occupation of such person.

C.    Where the identification of a document is required, such identification should include the following information with respect to each document:

1.    The date appearing on such document, and if it has no date, the answer shall so state, and shall give the date or approximate date such document was prepared;

2.    The name of the person who signed such document and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

3.    The general nature or description of such document (e.g., letter, memoranda, telegraph, etc.);

4.    The general description of its contents;

5.    The name of each person to whom such document was addressed, including the addressee of any copy;

6.    The name of the present custodian of the original or originals and of each copy thereof bearing any marking or notation not found on the original;

7.    Whether any draft, copy of reproduction of such document contains any postscript, notation, change or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction. In lieu of a general description of the document's contents you may attach a copy of the original and a copy of any non-identical copies.

D.     Unless otherwise indicated, these Interrogatories and requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleading.

E.     Where information or knowledge in possession of a party is requested, such request includes knowledge held by the part's agent, representatives and unless privileged, his attorney(s). If it is contended that an item is privileged or otherwise excluded from discovery, the basis for each claim of privilege or other ground for exclusion shall be stated.

F.     As used herein, the singular of any word or phrase includes the plural.

G.     The following definitions shall apply herein:

1.     As used herein, the term "document" refers to any and all types of recorded information including, but not limited to typewritten, photostatic or handwritten originals or copies when originals are not available, and non-identical copies and photographs, recordings or other data compilations from which information can be obtained by you through detection devices and be placed by it into reasonably useable form which is in your possession, custody or control.

2.     As used herein, the term "person" shall include natural persons, proprietorships, corporations, public corporations, municipal corporations, state governments, local governments, governmental agencies, political subsidiaries, partnerships, groups, associations or organizations.

3.     As used herein, the terms "you" and "your" shall refer to the person or entity to whom these discovery requests are addressed and all agents, representatives, employees and person acting directly or indirectly for or on behalf of the party to whom these discovery requests have been directed.

# REQUESTS FOR ADMISSIONS

Each plaintiff, by counsel, pursuant to Fed. R. Civ. P. 36, hereby requests defendant to admit or deny the following statements separately and in writing.

1. Each plaintiff at all times relevant hereto was an "employee" as that term is defined by 29 US U.S.C. §203 (e).

**ANSWER:**

2. The defendant at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d).

**ANSWER:**

3. The defendant employed the plaintiffs in an enterprise engaged in and/or affecting commerce.

**ANSWER:**

4. The defendant improperly failed to compensate each of the plaintiff for all time she was at work discharging his/her work-related duties.

**ANSWER:**

5. The defendant failed to properly administer a plan under which the plaintiff was to be compensated for excess hours worked, in the form of comp time or overtime payments, for hours worked in excess of the statutory maximum.

**ANSWER:**

6. The defendant failed to compensate the plaintiffs for the hours actually worked during each pay period.

**ANSWER:**

7.     The defendant knew, or showed reckless disregard in not knowing, that the plaintiff was entitled to be paid for all hours he/she was at work discharging his/her work-related duties and was to receive minimum wages or overtime pay or comp time for hours worked in    excess of the statutory maximum, and that the defendant's failure to pay for all work at    the appropriate rate violated the FLSA.

**ANSWER**:

8.     The defendant's pay system was unilaterally imposed upon each plaintiff.

**ANSWER:**

9.     The defendant's failure to compensate each plaintiff for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

**ANSWER:**

10.     The defendant's failure to properly administer a scheme of overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

**ANSWER:**

11.     The defendant's failure to compensate the plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

**ANSWER:**

12.     The defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

**ANSWER:**

13.     As a result of defendant's willful and knowing failure to properly compensate the plaintiffs, the plaintiffs have suffered non-payment of wages due, substantial delays in receipt of wages owed, or other damages.

**ANSWER:**

**INTERROGATORIES**

Each plaintiff, pursuant to Fed. R. Civ. P. 33, hereby requests that the defendant answer each interrogatory set forth below, separately and fully in writing under oath.

1.    State with particularity why each of the plaintiffs was not given overtime compensation for hours worked in excess of 40 per week, including all facts and law, if any, relied upon in formulating the decision.

**ANSWER:**

2.    State with particularity why each of the plaintiff was not paid the minimum wage for the hours worked as identified in the Complaint and identify all facts and law, if any, relied upon in formulating the decision to not pay the plaintiffs the minimum wage.

**ANSWER:**

3.    Describe in detail all facts known to you which related to the plaintiffs' allegations set forth in the Complaint, including by name all individuals relied upon in ascertaining such facts and the particular facts of which each is aware.

**ANSWER:**

4.    From about January 1, 2014 until the present, state with particularity the rate of pay the plaintiff at all times relevant to this controversy and the total amount of compensation received the plaintiff during the course of his/her employment with defendant, providing for each pay period, the (a) pay date, (b) the actual number of hours shown on the time cards/sheets, (c) if the time worked was rounded, the manner in which it was rounded, (d) the number of hours over forty for each week, (e) the actual number of hours worked, (f) the description of the work, (g) the rate of pay for each type of work described in the preceding section, (h) the check number, and (i) a

description of each document containing the foregoing information. (In lieu of a description of each document, you may produce the document and reference the document by bates number in place of the description.)

**ANSWER:**

5.     From January 1, 2014 until the present, state with particularity the number of hours worked by each plaintiff, identifying the procedure used for monitoring and recording said hours and identifying all personnel involved in these procedures and their specific responsibilities.

**ANSWER:**

6.     State the names, addresses and telephone numbers of all individuals known by you and your attorney and/or your representatives to have knowledge of facts involved in this suit, designating for each a summary of the knowledge of facts known or believed to be known by each, and the source of their knowledge and whether a recorded statement has been taken from such individuals and the person taking such recorded statement and the date of such statement.

**ANSWER:**

7.     Identify each exhibit you or your attorney intend to offer into evidence at the trial of this case.

**ANSWER:**

8.     State whether or not you or your counsel have or expect any witness to testify as an expert in this case, including legal witnesses or otherwise and if so, state the following with respect to each witness: a. The name, address, occupation and area of expertise of such expert. b. The substance of the facts to which each such expert is expected to testify. c. The opinions held by each such expert to which he or she will testify. d. The grounds of each such opinion to which each expert will testify.

**ANSWER:**

9. With respect to your response to the request for admissions and your answer to the Complaint, for each denial made, state with particularity the basis for your denial, stating each and every fact upon which you base your denial, or which may support your denial for each such paragraph and state what you believe to be a more accurate statement.

**ANSWER:**

10. Please state with specificity any and all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author, and recipient and specifying the reason for withholding it from production.

**ANSWER:**

11. Identify, providing the name, address, and telephone number, of any and all persons, businesses, or organizations who provided any information, or who assisted with or who were consulted with in any way regarding the preparation of defendant's responses to these Discovery Requests.

**ANSWER:**

12. Identify all facts with particular which support any affirmative defense you raise in your Answer or any defense you intend to raise at trial in this matter.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiffs, by counsel, pursuant to Fed. R. Civ. P. 34, hereby request that the items described below be produced to plaintiff's counsel and further requests that defendant serve a

written response to plaintiff's request for production. Please produce all documents or recordings including, related to or referencing the following:

1. Any and all documents regarding the hours of employment and compensation of each plaintiff from January 1, 2014 through the present, including but not limited to contracts, timecards (punchcards/timesheets), work schedules, payroll records, fueling records, maintenance schedules, drug testing schedules, disciplinary meetings, meetings regarding medical accommodation requests, trip schedules, court time, accident reporting, accident time, discipline, advisory meetings, in-service meetings, meeting schedules and state and local tax records.

**ANSWER:**

2. Any and all documents regarding the hours of employment and compensation of all employees of Defendants from January 1, 2014 through the present, including but not limited to timecards (punchcards), work schedules, payroll records, and state and local tax records.

**ANSWER:**

3. From or covering the period of January 1, 2014 to the present, any written material referring or relating to defendant's policy regarding regular and overtime pay as it related to each plaintiff.

**ANSWER:**

4. Any and all documents and records relating to any charges, claims or actions against the Defendant within the past fifteen (15) years.

**ANSWER:**

5. All documents referred to or encompassed by the defendant's answers to interrogatories.

**ANSWER:**

6. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

**ANSWER:**

7. Any and all written, oral, recorded or transcribed statements by the plaintiff, defendant, and/or any other witnesses. If any statements were recorded, produce any and all tapes of recorded statements.

**ANSWER:**

8. All written statements, notes, diaries, calendars, memoranda, reports or other documents made by Defendant, or on Defendant's behalf, relating to the issues raised by Plaintiffs in this Complaint, or relating to each Plaintiff's employment.

**ANSWER:**

9. All documents that Defendant intends to offer as evidence at trial in this matter.

**ANSWER:**

10. All insurance policies and declaration pages which may provide liability coverage or defense coverage to defendant in this case.

**ANSWER:**

11. Copies of all agreements in effect from January 1, 2012 to the present between you and any other party to this lawsuit.

**ANSWER:**

12. Produce copies of all your tax returns from January 1, 2014 to the present.

**ANSWER:**

13. Produce copies of all communications exchanged between you and any other party, including other defendants, regarding the operation of any restaurant in Virginia from January 1, 2014 to the present.

**ANSWER:**

Respectfully Submitted
Plaintiffs by Counsel

Matthew T. Sutter, VSB No. 66741
616 North Washington Street
Alexandria, VA 22314
Telephone: 703-836-9030
Facsimile: 703-683-1543
Email: sutter@oldtownlawyers.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that 3rd day of November 2016 the foregoing and via first class mail, postage prepaid, and facsimile to:

Katherine Martell, Esq.
Firstpoint Law Group PC
10615 Judicial Drive
Suite 101
Fairfax, VA 22030
703-385-6868
Fax: 703-385-7009
Email: kmartell@firstpointlaw.com
Counsel for Olive Branch Kabob LLC, Jihad Khatib and Mawya Abu Al-Hawa

And by first class mail, postage prepaid, on the 3rd day of November 2016 to defendants addressed as follows:

AL KAWTHAR INTERNATIONAL LLC
Reg. Agent: Miriam Ibrahim Elsayed
9612 Gregorys Charter Dr.
Richmond, VA 23236

SULTANA GRILL INCORPORATED
Reg Agent: Mohammed Bencherki
1240 North Rolfe St Apt #204

Arlington, VA 22209

MOHAMMED BENCHERKI
1240 North Rolfe St Apt #204
Arlington, VA 22209

HAJAR BENCHERKI
1240 North Rolfe St Apt #204
Arlington, VA 22209

IBRAHIM SAED AHMED
9612 Gregorys Charter Dr.
Richmond, VA 23236

MIRIAM IBRAHIM ELSAYED
9612 Gregorys Charter Dr.
Richmond, VA 23236

MOHAMED SEID MOHAMED
38810-083
RCI
PO Box 630
Winton, NC 27986

Matthew T. Sutter