IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IBRAHIM S. KHAER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil No. 1:16-cv-00652-JCC-MSN |
| ) | |
| AL KAWTHAR INTERNATIONAL, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **REPORT & RECOMMENDATIONS**

This matter is before the Court on Plaintiffs' Renewed and Amended Motion for Entry of Default Judgment as to Defendants Al Kawthar International, LLC, Sultana Grill, Incorporated, Mohammed Bencherki, Hajar Bencherki, Ibrahim Saed Ahmed, and Miriam Ibrahim Elsayed (collectively "Defaulting Defendants") (Dkt. No. 36). Having reviewed the record, the undersigned Magistrate Judge recommends granting the Motion in part for the reasons that follow.

**I.     Factual Background**

On June 10, 2016, Plaintiffs Ibrahim S. Khaer, Fouiza Mohamed Hadgag, Hamdi Hassan Ahmed Siyam, and Gebremeskel Yemane Kidst filed a complaint for alleged violations of the minimum wage and maximum hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207.[1]  *See* Compl. (Dkt. No. 1).  Plaintiffs, residents of the District of Columbia or the Commonwealth of Virginia, were employees who performed baking, cooking, food preparation, and cashier services at Defendants' restaurants in Virginia. *Id.* ¶¶ 1-4, 18, 20, 35.

---

[1] Plaintiffs filed the Complaint on behalf of themselves and other putative plaintiffs. *See* Compl. (Dkt. No. 1). The instant Renewed and Amended Motion for Entry of Default Judgment only pertains to the named plaintiffs.

Defendants Al Kawthar International, LLC, Sultana Grill, Incorporated, and Olive Branch Kabob, LLC, were Virginia limited liability companies or corporations that owned and operated restaurants in Virginia and were engaged in interstate commerce. *Id.* ¶¶ 5-6, 9, 18. Defendants Jihad Khatib, Mawya Abu Al-Hawa, Mohammed Bencherki, Hajar Bencherki, Ibrahim Saed Ahmed, Miriam Ibrahim Elsayed, and Mohamed Seid Ahmed Mohamed were owners, principals, or controlling officers of Defendant business entities. *Id.* ¶¶ 7-8, 10-17.

From around November 1, 2013 to April 14, 2015, Plaintiff Ibrahim S. Khaer allegedly worked as a cook seven days per week at the Olive Branch Restaurant, totaling 112 hours per week for 75 weeks. Compl. ¶ 25 (Dkt. No. 1).

From around June 1, 2013 to April 14, 2015, Plaintiff Fouiza Mohamed Hadgag allegedly worked seven days per week as a cook, dishwasher, and waitress at the Olive Branch Restaurant, totaling 112 hours per week for 89 weeks. *Id.* ¶ 26.

From around February 1, 2014 to April 14, 2015, Plaintiff Gebremeskel Yemane Kidst allegedly worked as a cashier and a waitress seven days per week at Olive Branch Restaurant, totaling 98 hours per week for 58 weeks. *Id.* ¶ 28.

Plaintiffs Ibrahim S. Khaer, Fouiza Mohamed Hadgag, and Gebremeskel Yemane Kidst allege that they were each paid $500.00 in cash bi-weekly until the end of June 2014, at which time they received no further wages. *Id.* ¶ 29.

From around December 1, 2013 to May 1, 2014, and then from November 2014 to April 14, 2015, Plaintiff Hamdi Hassan Ahmed Siyam allegedly worked as a cook five days per week at Olive Branch Restaurant and seven days per week at Sultana Grill, totaling 93 hours per week for 46 weeks. *Id.* ¶ 27. During this employment period, Plaintiff Hamdi Hassan Ahmed Siyam was allegedly paid $7,000 in checks issued by Defendants Al Kawthar International, LLC, and

Olive Branch Kabob, LLC. *Id.* ¶ 30.

Plaintiffs allege that Defendants had knowledge of the hours Plaintiffs worked, permitted Plaintiffs to work, and then failed to pay Plaintiffs the federal minimum wage and at the rate of one-and-one-half for hours worked in excess of forty hours per week. *Id.* ¶¶ 31-33. Plaintiffs further allege that Defendants exercised control over Plaintiffs with regard to hiring, firing, and supervision, conditions of employment, including compensation, benefits, and hours, and employee records, including payroll, insurance, and taxes. *Id.* ¶ 24.

Plaintiffs seek unpaid wages in such amounts as are proven at trial, as well as an equal amount in liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs. Compl. 3, 14-15 (Dkt. No. 1).

## II.     Procedural Background

The Defaulting Defendants were served on different dates in July and August 2016 via the same method, in which copies of the summons and complaint were posted on the front door of the address of the Defaulting Defendant or its registered agent. *See* Aff. of Service (Dkt. No. 13); Aff. of Matthew T. Sutter, Esq. (Dkt. No. 36-2). On August 16, 2016, Plaintiffs' counsel, Mr. Sutter, also mailed copies of the summons and complaint to each Defaulting Defendant or its registered agent. *See* Certificate of Mailing (Dkt. No. 3); Sutter Aff. (Dkt. No. 36-2).

On January 3, 2017, Plaintiffs filed the instant Motion pursuant to Federal Rules of Civil Procedure 55 and 56. *See* Dkt. No. 36. Plaintiffs subsequently settled their claims against Defendants Olive Branch Kabob, LLC, Jihad Khatib, and Mawya Abu Al-Hawa, and the Court dismissed all claims against these Defendants on February 16, 2017. *See* Order (Dkt. No. 57).

On February 3, 2017, the Court heard oral argument on the Motion, the Defaulting Defendants failed to appear, and the matter was taken under advisement. *See* Dkt. No. 50.

Defendant Mohamed Seid Ahmed Mohamed is the only remaining Defendant in the case.

### III. Service of Process, Jurisdiction, and Venue

The docket reflects that the Defaulting Defendants were properly served pursuant to Va. Code §§ 8.01-296, 299. *See* Dkt. Nos. 3, 13, 36-2. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b), as Plaintiffs' claims arise under federal law, the FLSA, and from an Act of Congress regulating commerce. *See* Compl. ¶ 21 (Dkt. No. 1). The Court has personal jurisdiction over the Defaulting Defendants. As stated in the Complaint, the Defaulting Defendants are Virginia residents or entities (or owners, principals, or controlling officers thereof). *Id.* ¶¶ 5, 9-11, 13-15. Virginia's long-arm statute authorizes the exercise of personal jurisdiction over the Defaulting Defendants, who satisfy the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). The Defaulting Defendants are companies, corporations, or residents that owned and operated restaurants in Virginia. Compl. ¶¶ 5, 9-11, 13-15 (Dkt. No. 1). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defaulting Defendants were Virginia residents or entities and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Virginia. Compl. ¶¶ 5, 9-11, 13-15 (Dkt. No. 1).

For the foregoing reasons, the undersigned recommends a finding that the Defaulting Defendants were properly served with the summons and complaint, and that the Court has subject matter jurisdiction over this action, personal jurisdiction over the Defaulting Defendants, and venue in this Court is proper.

### IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that

the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof"l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)).

**V.      Analysis**

    **A.      Minimum Wage & Maximum Hours**

To establish a violation of the minimum wage provision of the FLSA, Plaintiffs must show that: (I) they were employed by Defendants; (II) they were engaged in commerce or in the production of goods for commerce; (III) they were not compensated for all hours worked during each workweek at a rate equal to or greater than the then-applicable minimum wage; and (IV) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiffs' positions. *See* 29 U.S.C. § 206; *see also Portillo v. King of Pita Bakery, Inc.,* No. 1:12–cv–1103, 2013 WL 3479651, at *6 (E.D. Va. July 9, 2013).

To establish a violation of the maximum hours provision of the FLSA, Plaintiffs must show that: (I) they were employed by Defendant; (II) they were engaged in commerce or in the

production of goods for commerce; (III) they worked more than forty hours per workweek; (IV) they were not compensated at a rate of 1.5 times their regular rate for each hour worked longer than forty hours for each workweek; and (V) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiffs' positions. *See* 29 U.S.C. § 207.

Plaintiffs' Complaint establishes the elements of violations of the minimum wage and maximum hours provisions of the FLSA. Plaintiffs claim that none of the exemptions in 29 U.S.C. § 213 apply to them. Compl. ¶¶ 34-35 (Dkt. No. 1). At varying dates from 2013 to 2015, Plaintiffs worked as cashiers, cleaners, and cooks in connection with food products at Defendants' restaurants in Virginia. *Id.* ¶¶ 20, 35. During this time, Defendants directed each Plaintiff to regularly work more than eleven hours per day, seven days per week, for totals ranging from 93 to 112 hours per week. *Id.* ¶¶ 25-28. Defendants paid Plaintiffs Fouiza Mohammed Hadgag, Ibrahim S. Khaer, and Gebremeskel Yemane Kidst each $500.00 in cash every two weeks from the start of their employment until the end of June 2014, averaging an estimated rate of less than $3 per hour.[2] *Id.* ¶ 29. Defendants paid Plaintiff Hamdi Hassan Ahmed Siyam with checks totaling $7,000.00 for the entirety of his 46 weeks of employment, totaling an estimated $152.17 per week. *Id.* ¶ 30. Factoring in that Plaintiff Hamdi Hassan Ahmed Siyam worked 93 hours per week, his estimated hourly rate was $1.63 per hour. *Id.* Because the applicable minimum wage at the time of Plaintiffs' employment was $7.25 per hour, Plaintiffs correctly assert that the Defaulting Defendants paid them less than the federal minimum wage. *Id.* ¶¶ 32; 51; *see* 29 U.S.C. § 206. Plaintiffs also correctly assert that the

---

[2] Plaintiffs Fouiza Mohammed Hadgag, Ibrahim S. Khaer, and Gebremeskel Yemane Kidst each worked 112, 112, and 98 hours per week, respectively, and were each paid $500.00 in cash bi-weekly, or an estimated $250.00 weekly. Compl. ¶¶ 25-26, 28-29 (Dkt. No. 1). Dividing the weekly salary by the number of hours worked per week, Plaintiffs Fouiza Mohammed Hadgag, Ibrahim S. Khaer, and Gebremeskel Yemane Kidst were each paid at an estimated hourly rate of $2.23, $2.23, and $2.55, respectively.

Defaulting Defendants paid them at rates less than the required rate of 1.5 times the federal minimum wage for each hour they worked in excess of 40 hours. *Id.* ¶ 33; *see* 29 U.S.C. § 207.

Plaintiffs each filed declarations for unpaid wages. Plaintiff Hamdi Hassan Ahmed Siyam alleges that he is owed $14,315.36 in unpaid wages. *See* Dkt. No. 36-3. Plaintiff Ibrahim S. Khaer alleges that he is owed $55,902.00 in unpaid wages. *See* Dkt. No. 36-4. Plaintiff Gebremeskel Yemane Kidst alleges that she is owed $20,601.28. *See* Dkt. No. 36-5. Plaintiff Fouzia Mohamed Hadgag alleges that she is owed $77,782.32. *See* Dkt. No. 36-6. Accordingly, Plaintiffs are entitled to their respective unpaid wages from the Defaulting Defendants.

### B. Statute of Limitations

Claims of willful FLSA violations are subject to a three-year statute of limitations. *See* 29 U.S.C. § 255(a); *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). A violation of the FLSA is "willful" if "an employer either knew it was violating the FLSA or 'showed reckless disregard' toward it." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2012 WL 4739534, at *1 (E.D. Va. Oct. 2, 2012) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

The FLSA requires employers to post and keep posted in "conspicuous places" a notice explaining the Act, unless the employer is covered by an exemption. 29 C.F.R. § 516.4. Plaintiffs assert that Defendants "explicitly and willfully misinformed Plaintiffs that Plaintiffs were not entitled to be paid for overtime hours worked each week in excess of forty at the federally required overtime pay rate," Compl. ¶ 45 (Dkt. No. 1), and "misrepresented the hours and rate of pay it would pay each Plaintiff and others inducing each Plaintiff into working for no compensation and/or less compensation than which was initially promised or required by law." *Id.* ¶ 53. Plaintiffs further assert that Defendants failed to post conspicuous notice on the FLSA,

including information on Plaintiffs' rights, enforcement remedies, and non-retaliation. *Id.* ¶¶ 43-44. Moreover, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to Plaintiffs. *Id.* ¶¶ 34-35, 42-44. The Defaulting Defendants' failure to post notice is a willful violation of their duty under the FLSA, and Plaintiffs are therefore entitled to unpaid wages. *See* 29 C.F.R. § 516.4. The undersigned recommends that, if the District Judge enters judgment in this matter against the Defaulting Defendants, Plaintiffs be awarded unpaid wages as follows:

| **Hamdi Hassan Ahmed Siyam** | $14,315.36 |
| **Ibrahim S. Khaer** | $55,902.00 |
| **Gebremeskel Yemane Kidst** | $20,601.28 |
| **Fouzia Mohamed Hadgag** | $77,782.32 |

*See* Dkt. Nos. 36-3, 36-4, 36-5, 36-6.

### C. Liquidated Damages

An employer who violates the minimum wage or maximum hours provisions of the FLSA must pay the employee liquidated damages in an amount equal to the amount of unpaid wages, unless the employer shows that it acted in good faith. *See* 29 U.S.C. § 216(b); *Perez*, 650 F.3d at 375. The employer bears the burden of establishing good faith in defense of a claim of a willful violation. *Perez*, 650 F.3d at 375. Because the Defaulting Defendants have failed to appear and present any defense, the undersigned recommends granting Plaintiffs an award of liquidated damages equal to the amount of unpaid wages. Compl. ¶¶ 54, 60, 68 (Dkt. No. 1).

### D. Attorneys' Fees & Costs

The FLSA awards the prevailing party reasonable attorneys' fees and costs to be paid by the other party. *See* 29 U.S.C. § 216(b); *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242

(4th Cir. 2010). Plaintiffs seek to recover reasonable attorneys' fees and costs. *See* Compl. 3, 13-15 (Dkt. No. 1). On September 6, 2016, Plaintiffs filed affidavits requesting $29,090.00 in attorneys' fees[3] and $1,474.09 in costs[4] in support of their original Motion for Default Judgment, filed that same day.[5] *See* Aff. of Matthew T. Sutter in Support of Attorney's Fees & Costs (Dkt. No. 7-11); Aff. of Omar M. Bississo in Support of Attorney's Fees & Costs (Dkt. No. 7-13); Costs Listing (Dkt. No. 7-12). On January 3, 2017, Plaintiffs filed the instant Renewed and Amended Motion for Entry of Default Judgment as to Defendants Al Kawthar International LLC, Sultana Grill Incorporated, Mohammed Bencherki, Hajar Bencherki, Ibrahim Saed Ahmed, and Miriam Ibrahim Elsayed, but no renewed affidavits for attorneys' fees and costs. *See* Dkt. No. 36. Instead, Plaintiffs stated:

> Since that time [of filing the affidavits for attorneys' fees and costs], counsel has incurred approximately ten (10) additional hours in pursuing these claims. Plaintiffs' Counsel does not presently seek this additional compensation due in an effort to blunt any criticism of the reasonableness of this pending fee petition, while reserving the right to seek the same at trial or a later date.

Dkt. No. 36 at 7. Because the FLSA entitles Plaintiffs to an award of attorneys' fees and costs, the undersigned recommends that, if the District Judge enters judgment in this matter against the Defaulting Defendants, Plaintiffs be awarded the attorneys' fees and costs requested in their affidavits in support of their original motion for default judgment. Accordingly, Plaintiffs would be entitled to $29,090.00 in attorneys' fees and $1,474.09 in costs, totaling $30,564.09. *See* Aff. of Matthew T. Sutter in Support of Attorney's Fees & Costs (Dkt. No. 7-11); Aff. of Omar M.

---

[3] This total was derived from the attorney affidavits, in which Attorney Matthew T. Sutter requests $23,480.00 in attorney's fees and Attorney Omar M. Bississo requests $5,610.00 in attorney's fees. *See* Dkt. Nos. 7-11, 7-13.

[4] In their Costs Listing, Plaintiffs request $1,402.09 in costs. *See* Dkt. No. 7-12. In Mr. Sutter's Affidavit in Support of Attorney's Fees & Costs, Plaintiffs request $1,474.09 in costs. *See* Dkt. No. 7-11. In the instant Renewed and Amended Motion for Entry of Default Judgment, Plaintiffs seek $1,474.09 in costs. *See* Dkt. No. 36 at 6.

[5] Plaintiffs originally filed a Motion for Default Judgment as to Defendants Al Kawthar International, LLC, Olive Branch Kabob, LLC, Sultana Grill, Incorporated, Jihad Khatib, Mohammed Bencherki, Hajar Bencherki, Ibrahim Saed Ahmed, and Miriam Ibrahim Elsayed.

Bississo in Support of Attorney's Fees & Costs (Dkt. No. 7-13); Costs Listing (Dkt. No. 7-12).

### E. Interest

Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id*. (citing cases); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *1 n.1 (E.D. Va. Feb. 5, 2016) (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount). In this case, Plaintiffs make a boilerplate request for pre- and post-judgment interest that is less specific than the plaintiff's request in *Glaser*. Compl. at 15 (Dkt. No. 1). Because Plaintiffs do not specify a monetary amount of interest, the undersigned recommends denying Plaintiffs' request for interest. *Id.*

### VI. Recommendations

For the foregoing reasons, the undersigned recommends:

1) GRANTING Plaintiffs' Motion for unpaid wages as follows:

| **Hamdi Hassan Ahmed Siyam** | **$14,315.36** |
|---|---|
| **Ibrahim S. Khaer** | **$55,902.00** |
| **Gebremeskel Yemane Kidst** | **$20,601.28** |
| **Fouzia Mohamed Hadgag** | **$77,782.32** |

2) GRANTING Plaintiffs' Motion for liquidated damages as follows:

| | |
|---|---|
| **Hamdi Hassan Ahmed Siyam** | $14,315.36 |
| **Ibrahim S. Khaer** | $55,902.00 |
| **Gebremeskel Yemane Kidst** | $20,601.28 |
| **Fouzia Mohamed Hadgag** | $77,782.32 |

3) GRANTING Plaintiffs' Motion for attorneys' fees and costs in the amount of $30,564.09;

and

4) DENYING Plaintiffs' Motion for pre- and post-judgment interest.

## VII.   Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows.  Objections to this Report and Recommendations must be filed within fourteen (14) days of service on you of this Report and Recommendations.  Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report and Recommendations.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

February 17, 2017
Alexandria, Virginia

11